IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ZAREEN QURAISHI : 
 : 
 : 
v. : Civil No. CCB-13-10
 : 
 : 
KAISER FOUNDATION HEALTH : 
PLAN OF THE MID-ATLANTIC : 
STATES, INC., et al. : 
 : 
 : 

**MEMORANDUM**

Now pending before the court is a motion to dismiss filed by defendants Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc. ("Kaiser"), and Leilani T. Bradley ("Ms. Bradley") (collectively, the "defendants"), against plaintiff Zareen Quraishi ("Ms. Quraishi"). Ms. Quraishi alleges race discrimination in violation of 42 U.S.C. § 1981 stemming from her discharge in November 2008. The issues in this case have been fully briefed and no oral argument is necessary. *See* Local Rule 105.6. For the reasons stated below, the defendants' motion to dismiss will be granted.

**BACKGROUND**

Zareen Quraishi was born in Multan, Pakistan and received a bachelor's degree and certification as a Registered Health Information Technician (RHIT) while residing in Houston, Texas. (Compl., ECF No. 2, ¶¶ 3, 17-18.) Ms. Quraishi began working as a Health Information Management Service (HIMS) Baltimore Area Manager at Kaiser in February 2006. (*Id.* at ¶¶ 16, 22.) Ms. Quraishi received satisfactory evaluations of her job performance in July 2006 and February 2007. (*Id.* at ¶¶ 24, 26.) In February 2008, she received an "Excellence" award from

1

Kaiser's Baltimore Area Administrator and Medical Director in recognition of her performance, dedication, and personal commitment. (*Id.* at ¶ 27.)

At some point in 2008, Ms. Quraishi's supervisor, Leilani Bradley, mimicked Ms. Quraishi's accent in a meeting with two other area managers. (*Id.* at ¶¶ 28-29.) Thereafter, the two managers frequently mimicked Ms. Quraishi's accent, despite Ms. Quraishi's complaints to Ms. Bradley. (*Id.* at ¶ 29.)

In July 2008, Ms. Quraishi met with Ms. Bradley, who announced that Ms. Quraishi would be terminated. (*Id.* at ¶ 32.) Ms. Quraishi objected, complaining that she had not received a warning. (*Id.*) As a consequence, Ms. Bradley put Ms. Quraishi on a performance improvement plan. (*Id.*) Although Ms. Quraishi's performance met the requirements specified in the plan, on October 21, 2008, Ms. Bradley informed Ms. Quraishi that she did not believe Ms. Quraishi's improved performance would continue and offered her the option of either resigning with severance pay or being discharged. (*Id.* at ¶ 33.) Ms. Quraishi opted to resign, effective November 4, 2008. (*Id.* at ¶ 34.)

Ms. Quraishi filed suit against Kaiser in Howard County Circuit Court on November 5, 2012, alleging racial discrimination in violation of 42 U.S.C. § 1981. The case was removed to this court on January 2, 2013, pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446(b).

## ANALYSIS

*Motion to Dismiss*

When ruling on a motion under Rule 12(b)(6), the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being

made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim . . . . However, the complaint must allege sufficient facts to establish those elements." *Walters*, 684 F.3d at 439 (quotations and citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

*Discussion*

Ms. Quraishi alleges that she was discharged because of her race in violation of 42 U.S.C. § 1981. Kaiser responds that the factual allegations in Ms. Quraishi's complaint point to national origin – not race – as the basis for her claim, and thus her complaint must be dismissed.

Section 1981 prohibits discrimination on the basis of race, but does not provide protection for individuals based solely on their "place or nation of origin." *Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 613 (1987). The Supreme Court has construed the term "race" broadly for purposes of § 1981, concluding that when Congress enacted the statute, it intended to "protect from discrimination identifiable classes of persons who are subjected to intentional

discrimination solely because of their ancestry or ethnic characteristics." *Id.* Another judge of this court has identified two guiding principles in determining whether a plaintiff's invocation of his place of origin creates a § 1981 claim for racial discrimination. *See Akinjide v. Univ. of Md. E. Shore*, Civ. No. DKC 09-2595, 2011 WL 4899999, *8 (D. Md. Oct. 13, 2011).[1] First, the plaintiff must demonstrate "he actually faced intentional discrimination based on his ancestry or ethnic characteristics, rather than solely on his place of origin, in order to invoke the broad construction of race under § 1981." *Id.* Second, "where a plaintiff's allegations reference only his place of origin and do not focus on specific ethnic characteristics associated with that place of origin, the broad construction of race under § 1981 does not apply." *Id.*

Ms. Quraishi appears to base her § 1981 claim on this broad construction of race, essentially claiming that she suffered racial discrimination due to her Pakistani ancestry or ethnicity. Ms. Quraishi alleges that she was born in Pakistan to native Pakistani parents, and that she is, and appears to be, "of a race of *homo sapiens* which characteristically inhabit south Asia." (ECF No. 2, ¶ 5.) She further alleges that she is a "member of an ethnically and physiognomically distinctive subgrouping of *homo sapiens*."[2] (*Id.* at ¶ 6.) In support of her discrimination claim, however, she alleges only that Ms. Bradley and two African American managers mimicked her accent, that those managers were hired without the requisite RHIT certification she possessed, and that they were given support staff that she was not given until late in her tenure. (*Id.* at ¶¶ 29-31.)

This evidence is insufficient to invoke the broad construction of race described in *Saint Francis College*. Instead, it is indicative of, if anything, national origin discrimination, which is not covered under § 1981. *See Saleh v. Univ. of Va.*, No. Civ.A. 3:97-CV-460 R, 1999 WL

---

[1] Unpublished opinions are cited not for their precedential value but for the persuasiveness of their reasoning.
[2] This language is taken directly from *Saint Francis College*, 481 U.S. at 613.

34798179, *18 (E.D. Va. Feb. 25, 1999) (concluding that a Nigerian plaintiff's discrimination claim against African-American supervisors failed to invoke the broad construction of race under § 1981 where the "best evidence" of discrimination—statements about the plaintiff's birthplace and accent—was "indicative only of foreign-born/national origin discrimination"), *aff'd sub nom. Saleh v. Upadhyay*, 11 F. App'x 241 (4th Cir. 2001). Moreover, while Ms. Quraishi mentions that she was born in Pakistan, she fails to refer to specific ethnic characteristics associated with her Pakistani origin that might suggest that applying the broad definition of race is appropriate in this case. *See Akinjide*, 2011 WL 4899999, at *9. Taken as a whole, the court cannot infer from the evidence Ms. Quraishi has presented that her Pakistani ethnicity motivated her discharge. Thus, to the extent Ms. Quraishi seeks to base her § 1981 claim on racial discrimination she faced because she is South Asian and/or of Pakistani origin, her claim must fail.

Even if the court were to construe Ms. Quraishi's arguments as raising a cognizable claim under § 1981, the claim would still fail for lack of proof. Section 1981 claims are analyzed using the same proof scheme as is used to evaluate claims brought under Title VII of the Civil Rights Act of 1964. *See Love-Lane v. Martin*, 355 F.3d 766, 786 (4th Cir. 2004). This scheme is set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under the *McDonnell Douglas* framework, a plaintiff can prove a claim of racial discrimination with either direct evidence of discrimination or by using the *prima facie* case rebuttable presumption. *See Love-Lane*, 355 F.3d at 786. Because Ms. Quraishi has not presented any direct evidence of discrimination by the defendants, she must proffer sufficient circumstantial evidence to satisfy the *McDonnell Douglas* framework. *See id.*

To set forth a *prima facie* case of race discrimination, a plaintiff ordinarily must show that: "(1) [s]he is a member of a protected class; (2) [s]he suffered adverse employment action;

(3) [s]he was performing [her] job duties at a level that met [her] employer's legitimate expectations at the time of the adverse employment action; and (4) the position remained open or was filled by similarly qualified applicants outside the protected class." *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 214 (4th Cir. 2007). Even assuming, without deciding, that Ms. Quraishi has met the first three elements, she has not shown that her position remained open or was filled by similarly qualified applicants outside of her protected class.[3] Furthermore, her complaint fails to allege facts sufficient to create an inference of racially discriminatory motivation.[4] Because Ms. Quraishi has failed to state a *prima facie* case of race discrimination under § 1981, her claim must be dismissed.

A separate Order follows.

May 30, 2013  /s/
Date  Catherine C. Blake
  United States District Judge

---

[3] *Cf. Miles v. Dell, Inc.*, 429 F.3d 480, 485 (4th Cir. 2005) (holding that, in cases where plaintiff can show that firing and replacement hiring decisions were made by different decisionmakers, plaintiff can make out a prima facie case without showing replacement by someone outside the protected class).

[4] Although Ms. Quraishi alleges she was treated differently from two African American managers, such treatment concerned certification and staffing, incidental aspects of employment that did not pertain to her discharge. The court cannot plausibly infer from these allegations that Ms. Quraishi's race was a motivating factor in her termination.